Allen, J.
In January, 1922, C. C. Timberman, plaintiff in error, who was defendant below, was in-dieted upon a charge of soliciting and accepting a bribe while holding office as safety director in the city of Lorain.
The charge specified was that Timberman had solicited and accepted .a bribe from one Joe ‘Virant, a resident of Lorain, for giving Virant police protection in illicit traffic in intoxicating liquors.
Timberman was convicted, and his conviction was affirmed in the Court of Appeals. He prosecutes this proceeding in error, urging the existence of two prejudicial errors in the conduct of the case.
The first objection claimed is that incompetent and prejudicial testimony was admitted at the trial. The second objection relates to alleged misconduct of the prosecuting attorney.
The objection urged as to the admission of testimony relates to the prosecutor’s use of a certain affidavit in cross-examination. During the trial it appeared that Virant, who was chief witness for the state, was unwilling to testify and the prosecutor was permitted to crosis-exatmine him,, in the course of which questioning the following testimony was given:
‘ ‘ Q. Did I at that time read to you this affidavit: ‘State of Ohio, Lorain County. Joe Virant, 2160 East 28th St., being duly sworn, on oath deposes and says as follows: About six months ago 0. C. Timber-man, who was then director of public safety, called on me and asked me for money for police protection and I paid him $100. On or about the 1st of Jan *263 uary, 1921, C. C. Timberman called on me and said, “You are peddling out here, and you will have to give me more money for police protection,” so I paid a second $100. I am positive my father and mother had to pay G. G. Timberman money for police protection, but I don’t know the amount paid.’ And did you say, ‘When was that date?’ Do you remember my asking you that question and you giving me that answer? (Objected to. Overruled. Defendant excepts.) A. Yes, sir.
“Q. ‘"When was that date?’ was the answer. Do you remember that? (Objected to. Overruled. Defendant excepts.) A. Yes, sir.
“Q. Do you remember my question following that, ‘That was January 1, 1920?’ and did you answer, ‘I don’t remember the dates. I don’t see how he could get the dates down there, because I don’t remember the dates.’ Did you say that? A. Yes, sir.
‘ ‘ Q. Then do you remember this question: ‘ These facts took place?’ and did you answer, ‘I could not swear to any particular date, though?’ A. Yes, sir.
“Q. Then did I ask you: ‘Those things took place?’ and did you answer ‘Yes; they took place’? (Objected to. Overruled. Defendant excepts.) A. Yes, sir.
“Q. Now is it or is it not true that you mean by your answers now that the things I have read in this affidavit did take place as stated therein? Is that what you mean ? A. That they did take place ?
“Q. Yes. A. Yes, sir.”
The plaintiff in error claims that this testimony was erroneously received, and was prejudicial, par *264 ticularly the sentence italicized in the first question, for the following reasons:
(1) That through this cross-examination an affidavit which was not admissible in evidence was given to the jury.
(2) That the first question included hearsay of a nature highly harmful to the defendant’s case.
That the testimony was in the form of an affidavit is not borne out by the facts. The affidavit in question had been read in the grand jury proceedings, and what was actually used at the trial was not an affidavit, but the testimony from the grand jury room. No affidavit was sent to the jury room. That testimony of this kind is competent in the cross-examination of an unwilling or hostile witness is well established. The first objection, therefore, is not tenable.
The second objection presents greater difficulty. It is evident that the fact that Yirant stated, “I am positive my father and mother had to pay C. C. Timberman money,” may constitute hearsay of a highly prejudicial type. If Yirant “was positive” that his father and mother paid Timberman money because he, Yirant, saw the money paid, the evidence was competent; if Virant “was positive” because his father or mother told him of such a payment his statement was pure hearsay. However, the objection taken to this question was general only. No application was made to strike out this particular sentence. Part of the question was entirely competent, and only the one sentence italicized above was objectionable. It was the duty of the attorney for the defendant to make specific objection to incompetent testimony in order *265 properly to raise the question before the trial court. Since that was not done, the testimony must be considered as if no objection stood upon the record.
The cases cited by plaintiff in error are none of them in point upon this state of facts. On the other hand, the weight of authority both in the state and in the courts of last resort throughout the country is in accord with this view. 26 Buling Case Law, pp. 1047, 1048, Sections 56, 57, states the weight of authority upon this point to be as follows:
“Where evidence consists of several items, and an objection is interposed to it generally, without pointing out the particular item which is objectionable, it may be admitted if any part is admissible. The reason of the rule is that it prevents trial judges from being misled or entrapped by having their attention directed, under a general objection, to one point, and their judgments reversed on another, when the objection to that point might have been readily sustained in the first instance. * * #
“It is well settled that the objection, to be good, must point out the specific ground of the objection, and that, if it does not do so, no error is committed in overruling it.”
In line with this authority is the recent holding of this court in the case of State v. Lasecki, 90 Ohio St., 10, 106 N. E., 660, L. R. A., 1915E, 202, Ann. Cas. 1916C, 1182. The first proposition of the syllabus holds:
“Where the question put to a witness is competent, or not objected to by counsel, and the witness answers, a part of which answer is competent and a part incompetent, a general objection to the whole answer is properly overruled, even though *266 there be some objectionable matter in the answer. To save the objector’s rights he should clearly indicate the part of the answer to which he objects and move its exclusion. If the court overrules such motion, he should then save his exception.”
The second point raised by the plaintiff in error is that in the course of argument the prosecuting attorney was guilty of misconduct in reading to the jury a quotation from one of the Ohio State Reports.
While it is not error to allow quotations from law reports to be read in argument, the practice manifestly is one which should be guided and restrained by the discretion of the trial court.
This court has examined the record carefully and holds that the prosecutor’s argument in this case did not constitute error so prejudicial to the plaintiff in error as to require a reversal. The judgment is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.